and Ms. Maluma Maluma. Good morning your honors and may it please the court Lisa Maluma from fellow defenders on behalf of Mr. pitch and I'm going to be serving two minutes for rebuttal. The district court was unambiguous at the supervised release revocation hearing. The court said supervised release is revoked. And application has a very specific meaning under this court's case law. I'm reading now of United States versus wing. When a term supervised release is revoked, it has been annulled and the conditions of that term do not remain in effect. Thus, the court did not have jurisdiction to revoke a non existent term of supervised release more than a year later. The difficulty with the record is, I agree with you. The district court said multiple times very clearly. This is revoked. But then also said, and I'm opposing these conditions. And then I think at the hearing in May, you know, sort of go forth and follow the rules and don't get in trouble again kind of thing. And don't you agree that that's inconsistent with the idea that he was revoking supervised release? No, your honor. That's precisely what happened to the defendant in a wing where the court revoked device release and then released her before. That's not what happened in wing and wing the court revoked imposed a term of imprisonment, which was which she began. And then later they entered a petition to revoke the second term of supervised release based on conduct during the first. This seemed well, I take your point that if it were unambiguous, then supervised release would have been revoked. But as Judge Forrest noted, there are all sorts of things in the record that seem to cause some ambiguity here. And if that is the case, can't we then look to the minute entries, the abstract of judgment, other things to determine the judge's intent, things that were said at the following hearings. The judge's conduct later when placing continuing Mr. Pitch on supervision. There are various things that happened in the hearing. And only one thing was ambiguous. The ambiguity was whether the court was permitted to permanently stay that nine month sanction. The court unambiguously revoked revised release, imposed a nine month custodial sentence and then released Mr. Pitch. He didn't do that, he said. And I think part of it is the parlance that. So I worked in a district court for seven years. We always referred to those as revocation hearings. And I think that's what they do in this district as well. They're not really revocation hearings. They're violation hearings. Right. I mean, you could go into one of these hearings and not end up with a revocation. So the district judge is saying there's a violation here. I'm going to revoke. He says the term would be and he lists the range and then probation and the defendant request that instead he be placed in a treatment facility. So it seems that the district judge was thinking about revoking and sending him to a term of imprisonment, but then agreed to send him to treatment. And that's not imprisonment. So that has to be a condition. Right. I mean, he can't just send him to a treatment facility after revoking him. He has to be on conditions for that to happen. Your Honor, here as in wing, I think what I was trying to explain earlier is what's similar here is the court revoked revised release, released the defendant. And then a later point, the custodial sentence was supposed to be served. And the fact the defendant was released from custody did not automatically confer a new term. He wasn't released from custody. He was released to be placed in a treatment center. Right. So that's not it's not imprisonment. He's not serving a term imprisonment, but it's a condition that the court had to have some authority to impose. He didn't just let him walk out of the courtroom and go do whatever he wished to do. And that was the same for Ms. Wing. She was not permitted to go out and do whatever she wanted to do. She was essentially released on an O.R. bond. Isn't the problem with your reliance on wing that there was no discussion of ambiguity? That wasn't the issue in wing is whether there was ambiguity. And that is the issue here. So my earlier question was, I know you disagree. And your argument is that it was unambiguous. Governments argued that it's ambiguous. And because it is, we can look at other indicia of the judge's subjective intent. I didn't see you address that in your reply. Do you agree that if we did find it to be ambiguous, we could look to other indicia of the judge's intent, such as what happened at the next hearing and the abstract of the order and the minute entry? And I think I want to be clear about what specifically was ambiguous. But wait, first answer my question. If it's ambiguous, I know you don't agree that it is, but if it is, doesn't our case say we can look at those other things? Yes, Your Honor. But again, so we have a revocation. We have an imposition of a sentence and then we have the permanent stay. I do think the ambiguity results from the fact the court was trying to do something unorthodox. Frankly, the court was trying to do something that was not permitted by federal statute was to create a suspended sentence and create a situation where Mr. his head while he was out completing the program. And so the ambiguity results from the fact that it's not clear the court's permitted to permanently see that sentence. So the court, I agree that there are some things that happened that were unusual, but it seemed the court was trying to do something beneficial to the defendant and was offering him an opportunity for treatment. And seemed to be persuaded by the joint request from the defense and probation that that was the best thing for Mr. Mr. Pitch and did not then get to the point of entering a judgment saying you're going to be in prison for nine months. Also did not run through all the conditions of release, which he should have done as well. But there was no challenge to that. And that's not been raised on appeal. We have what seems to be a pretty ambiguous hearing. The fact of the court said to visually, it didn't happen just once to be clear. The court said I revoke supervised release. And then the minute entry affected the fact that supervised release was revoked. And then we had a May hearing at which the court began by saying the minute entry said more than that. Well, first of all, the district judge said more than that as well. At the end of that first hearing, he said, we'll come back and see, we'll make it final or see what happens then. And then the defense attorney at the next hearing said that was we were in limbo. So even defense attorney did not interpret that as an unambiguous revocation and imposition of a sentence. And in that very hearing, when the defense counsel tried to suggest supervised release had been held and that had not been revoked, had been held in limbo, the court responded, nope, I revoked supervised release. No, but then the court clarified with the probation officer and said he's been on supervision this whole time. Got the correct calculation of the hours. I mean, went through this to clarify what had happened. I think we'd be a different position if the transcript at the February 7th hearing wasn't so clear where the court said I revoke supervised release. And the fact that the court may have thought that the revocation and then staying in the sentence resulted in tolling supervised release doesn't actually make that the case, especially whereas in wing, this court specifically overruled Johnson, which said that once supervised release was revoked, and someone is released at that time, there's one term that is continued once the time in custody is served. And so here, what do we do with the fact that there was no objection to what was said in those early hearings, the February and the May hearing? And then it seems pretty clear from the record that the defendant understood himself to be on supervised release as he's coming out of that process that the February and the May hearings. I guess I'll begin by saying that jurisdiction can't be waived. It's not clear that the defense counsel at the time in May understood the impact of wing and the impact of revocation. And as for myself, I had not seen the transcripts and how clear they were as to what the court had said. And so there's a difference between revoking the fact that revocation is a prerequisite for imposing a custodial sentence. The fact that the court did not ultimately impose this nine-month sentence that were very clearly announced did not change the fact that revocation had taken place. And in wing, the court had in fact revoked. Would the continuation of release and the conditions have been legal? Yes, Your Honor. He just is in wing where the defendant was released pending a self-surrender date. That was essentially an O.R. bond where she was required to follow the conditions of the law. That's for the February hearing, but I'm talking about the May hearing. If he actually revoked, then your argument, right, is that there was no pending supervised release term from May going forward. That's correct. I think that's a very clear statement from the court of you're now on these conditions, go forth and don't violate the rules. Yes, Your Honor. Our position is that at the February 7th hearing, the court clearly revoked supervised release and imposed a nine-month custodial sentence. It's our position that the court needed to impose that nine-month custodial sentence at the May hearing. And after February 7th, the defendant was no longer on supervised release. But if we conclude that your interpretation is reasonable, but also the interpretation that the court then imposed conditions of supervised release and continued Mr. Pitch on supervision by sending him to treatment is also a reasonable interpretation of what happened at that hearing. Then we have ambiguity. Your Honor, I think wing forecloses the idea that the fact that he was released the program created automatically created a new term. So entirely different. First of all, there was no issue of ambiguity in that case. And she was in prison. She was sentenced to a term of imprisonment. Judgment was entered. All of these things happened. It was just entirely different from what happened here. I think the similarity is that there was much discussion of that in-between period between the time that she was revoked and released and then came to the self-surrender. And there was a question of much discussion about what was happening in that intermediary time. And this court held that she was not on supervised release at that time. Did you wish to save some time for rebuttal? Yes, Your Honor. Mr. Peek?   Yes, Your Honor. Good morning. May it please the court. Ryan Peek for the United States. The district court did not terminate Pitch's supervised release on February 7th. This court's resolution of this issue turns entirely on what happened that day. And there's essentially three choices. Either the district court unambiguously continued Pitch on supervised release, in which case this court should affirm. And that's a possibility. The other option is that the district court was ambiguous. We've all seen the transcript. If there's confusion about what he actually did, in other words, not what was in his head, but what the court actually did, then it was ambiguous. And in that case, this court looks to the written orders. That's the minute order in the abstract. Those documents are clear that Pitch was continued on supervised release, and this court should affirm the judgment. Pitch prevails only if this court concludes that the district court unambiguously revoked Pitch's supervised release and ended it. What is our standard of review? This court should review DeNovo. Yeah. And. I think there's a fourth option. And I'm curious your position. What if we conclude that both what was said orally at the hearings and also the written documentation were ambiguous, both of them? Well, I think the court's reviewing DeNovo, so the court would still get to resolve the issue. I think that it's interesting that Your Honor asked that question. I think the minute order is both somewhat ambiguous. The minute order says I revoke supervised release and I add conditions. Those two things can't happen at the same time. So that's ambiguous. Absolutely. Now, the minute order goes on to resolve the ambiguity because it says judgment never issued. And so, to some extent, that's resolved. Certainly the abstract doesn't have that problem, right? There's, like, literally a checkbox where it says continued unsupervised release. But Your Honor's right to point out the minute order because it very closely tracks the language that was used in the hearing. Of course, if anything, it almost supports this idea that Pitch was unambiguously continued unsupervised release because there's no way it can be true that Pitch was revoked, meaning the supervised release ended. And yet the court is adding conditions, telling him to go out, complete residential treatment, warning him if you don't do that, you're going to face another order to show cause, right? Those things can't happen if Pitch is not on supervised release anymore. So you're looking at the on-the-ground consequences as speaking louder than the confusing labels in language. To some extent. We should really step back and say, look, he was all over the place on his words, but just look at the consequences, and there's only one scenario that fits those facts. That's right, Your Honor. And in fact, the parties understood that, right? So on the February 7th hearing, nobody walked out of that hearing thinking that Pitch wasn't on supervised release. Even Pitch probably didn't think that he had gotten off scot-free, right? But if we're looking at this de novo, does it really matter what Pitch thought? It does to some extent, Your Honor. How can a defendant's beliefs or behavior affect at all our decision about what the court did? I just don't. You may have spent a lot of time on your briefs on that night. That particular argument, I just don't understand at all. Right. So it gets into this idea that the defendant has the right to be present during all critical stages during sentencing, and it's evidence that it's evidence about whether or not there was ambiguity. So, for instance, in this case, Pitch goes out, completes residential treatment, and is warned, don't pick up another order to show cause, right? If at that time, Pitch or counsel had jumped in and said, wait a minute, Your Honor, 30 seconds ago, you revoked supervised release. I'm not on supervised release anymore, right? That would have been evidence of what Pitch is now arguing, right? So you believe that a defendant's understanding of what happened to him or her is a factor to consider in what the court intended? It's a factor to consider with respect to how this court should interpret what happened as distinct from what was in the mind of the district court judge. So if you look at, for example, O'Brien, which is talking about this a little bit, and it's distinguishing O'Brien and our case, I think. Do we really even focus on the mind? I mean, isn't this really an objective test? We've got to look at what happened and then decide what the legal consequences are of that. I mean, you never decide a sentencing question when the judge later says, man, that's not what I thought I did. We would say, well, we just look at what you did. In fact, isn't this just an objective look at what happened and then make a decision? And I take the court's point. I think that that is generally true. I think that the only relevance of it is as to this to sort of resolve this issue of whether or not there was ambiguity. Absolutely. It's an object. What what the court, in fact, did obviously is an objective test. So to that extent, I absolutely agree with your honor. But then we'd look to the judge's subjective intent. If there is ambiguity, then we look for intent. That's what is not Keenan says in our case. I'll say that. So a little bit, I have a concern that that's somewhat of a trap, your honor, because. And appellate makes this point, but. In cases where a judge misspeaks. So says something that's very clear, but simply not what the court meant or intended, right? So it actually, again, Munoz de la Rosa says a little bit, too, right? So the judge says out loud concurrent the whole the whole while, right? Subjectively is thinking, no, I mean, consecutive. Well, we don't let that judge now come back and correct. Right, except under rule 35. Correct. And of course, there's no rule 35 issue here. So a little bit, I'm concerned that that sort of line of thinking is a bit of a trap because it gets us down this road where we're not really trying to get to. I think really, this court can resolve this really in one of two ways, either by looking at it and saying, wait a minute, it was really clear. It was unambiguous that pitch was continued on supervised release because everybody acted that way. Everything that happened was consistent with that interpretation. That's a real tough sell. And every single time there was a hearing about this, including after the fact, the judge keeps reiterating I revoked. He absolutely keeps using the word revoked. It's very clear. That's not what the key meant. It's very clear. I think that that's not what the parties understood him to have meant. But absolutely. He keeps using that word. That's why we're here. If he if only he had used the word modified, for example, we would have been in a completely different situation. And and if that if this court is concerned about that, again, we just look to the written orders. Right. That's ambiguity. We look to the written orders. And the problem is those written orders aren't any model of clarity either. The abstract, your honor, I think is it's pretty clear. I mean, the checkboxes assist us with that a little bit. Right. So there's literally a checkbox. It just continued on supervised release. I agree with your honor about the minute order. I do think that the minute order, by the time you get to the end of it, does sort of clarify what happened. But, you know, it's an issue. But again, if the minute order is ambiguous in that in the beginning portion of it, where it's very closely tracking what was said on the record in court, then your honor should look at the abstract, which resolves the ambiguity. How do we resolve it if if, in fact, it is ambiguous and we look at it, we cannot tell who wins. If we say we are really equipoise, we're right smack on the apex. We don't know who wins. Well, I think this court then has to go to the next step, which is looking right at the entire record at all of the written orders in the case. I'm positing the big picture. We do all that. We still we still say we just can't tell that we're getting two conflicting signals. And it's really you can't really make any principled decision here. Well, I think I think it'd be unlikely that the court would be in that position. I think you would look even looking at what actually happened. Right. So even if you go back and you look at sort of the final hearing where pitches actually revoked and sentenced to prison. Again, nobody nobody thought that there's no doubt there's no ambiguity as it plays out down the road. There's no ambiguity at all. But that's not I mean, we have to look at what the sentencing was when the sentencing was issued. Don't we. Well, the court purported to have stated, right, the court purported in a minute or two have stayed in the replication and never actually issued judgment. So that is that's one way that that this court could resolve it. I don't think that's necessarily the best way but it is absolutely one way that this court could resolve it. And I see that I am running out of time so unless there are further questions. No, thank you. Thank you. And Miss Maluma, I'll give you a minute. Your Honors revoked means revoked. The court did not say I might revoke the court did not say I'm going to hold the replication in advance. The court said I revoke and nine months means nine months. And even if you look to the intent of the court with the court intended to do was to craft a suspended sentence for which there is no provision in federal court and the fact that the court wanted to revoke had the nine month sentence hang over my client's head does again militate in favor of the idea that supervision was actually revoked in this case. And the after the fact statements in the minute entry which was convoluted and the abstract of release which was issued by the CRD and not by the judge do not cut against the unambiguity of the initial hearing. My understanding of our case laws that we've recognized ambiguity can exist when the sentence given is illegal, like not possible under the law. And that's your argument that it seems like what the district judge is saying repeatedly can't. It's not possible. The law doesn't contemplate for this so why can't we conclude that there's ambiguity for that reason. As of the February 7 hearing the courts still was was inclined to impose the nine month sentence had Mr pitch not completed the program. And I think that the illegality came with the main hearing where the court did hold it in a permanent stay. That's something the government could have appealed and they did not. But as of February 7, there was no legal sentence. Thank you. And this case is submitted. Our next case for argument is United States versus Akbar.
judges: Ebel, BADE, FORREST